UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER PORCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE TRUSTEES OF INDIANA UNIVERSITY, In Their Official Capacities, THE STANDING COMMITTEE ON RESIDENCY, In Their Official Capacities, JO ANNE BOWEN, Standing Committee on residence Chair, In Her Official Capacity, and THOMAS A. MAY, Associate Registrar, In His Official Capacity, | ) ) ) ) ) ) ) ) ) ) ) CASE NO. 1:03-cv-1388-DFH-VSS |
| Defendants. | ) |

ENTRY ON MOTION TO STAY FINAL JUDGMENT

On February 24, 2005, the court entered final judgment in favor of defendants in this case. By agreement of the parties, the money at stake in this case (the difference between resident tuition and non-resident tuition for a semester of law school) had been deposited with the clerk of the court pending resolution of the case. The court's judgment directed the clerk to distribute the funds to the defendants. On March 10, 2004, 14 calendar days (and 10 business days) after entry of judgment, the clerk distributed those funds.

Four days later, on March 14, 2004, plaintiff filed his motion for a stay of judgment pending appeal. He argued that a stay was justified because he would lose his right to appeal if the money were distributed to defendants, who have been sued in their official capacities and are deemed the State of Indiana for purposes of the Eleventh Amendment. Defendants argued that the motion came too late because the automatic 10-day stay of judgment under Rule 62(a) of the Federal Rules of Civil Procedure had expired. In reply, plaintiff wrote that the 10-day automatic stay should not be the law:

> Even if Porco had notice [of execution of the judgment], it is completely illogical and contradicting in this scenario to give a party thirty days to file a notice of appeal, but only ten days to get a court to grant a stay of execution of its final judgment in a chaotic and frenzied environment.

Docket No. 44 at 2. It is not clear what is meant by a "chaotic and frenzied environment," but plaintiff's quarrel seems to be with Rule 62(a).

Rule 62(a) provides a losing party with ten days (two calendar weeks under Rule 6(a)) to decide what steps to take next, including whether to seek a further stay pending appeal. See 12 Moore's Federal Practice § 62.02[1] at 62-8 (3d ed. 2000) (provision allows losing party with time to decide whether to pursue available post-judgment motions or appeals). Plaintiff did not act within that time; defendants exercised their rights by executing the judgment. See *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616 (7th Cir. 1992) (appealing party must request stay or suffer possibility that prevailing party will execute on judgment

while appeal is pending).  This court does not have the power to rewrite Rule 62(a) to give the plaintiff a longer automatic stay of the judgment.

Plaintiff also suggests that the court should rescind the clerk's action under the authority of Rule 77(c).  That rule provides in relevant part:

> All motions and applications in the clerk's office for issuing mesne process, for issuing final process to enforce and execute judgments, for entering defaults or judgments by default, and for other proceedings which do not require allowance or order of the court are grantable of course by the clerk; but the clerk's action may be suspended or altered or rescinded by the court upon cause shown.

Plaintiff suggests that this court use Rule 77(c) to order the clerk to rescind the distribution of the money.  The court sees no basis for doing so.  The judgment has been executed.  The money has been distributed outside the control of the court's staff.  That is not an action the court may rescind unilaterally, and that fact distinguishes this action from the issuance of "process" and "other proceedings which do not require allowance or order of the court" covered by Rule 77(c).  The clerk in this case did exactly what the court ordered: distribute the money pursuant to the final judgment.  That judgment was not subject to a stay or even a motion to stay or notice of appeal at the time the money was distributed.  The court's judgment provided sufficient authority for disbursement under 28 U.S.C. § 2042.  See *First National Bank of Birmingham v. Perfection Bedding Co.*, 631 F.2d 31, 34 (5th Cir. 1980) (court's judgment authorized disbursement of

money in court's registry).   What legal effect the disbursement might have on plaintiff's appeal is not a question for this court to decide.

Accordingly, plaintiff's motion for a stay of judgment pending appeal is denied as moot.

So ordered.

Date: May 11, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Christopher Aldo Porco, Plaintiff *pro se*
cporco@hotmail.com

Stanley C. Fickle
BARNES & THORNBURG
sfickle@btlaw.com

Robert P. Johnstone
BARNES & THORNBURG
bob.johnstone@btlaw.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

Michael Rosiello
BARNES & THORNBURG
mike.rosiello@btlaw.com